# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GREGORY EDWARD KUCERA,

      Plaintiff,

v.                                                                                                 No. 18cv95 JCH/SCY

LOS ALAMOS NATIONAL LABS,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 30, 201 ("Application"), and on his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed January 30, 2018 ("Complaint"). For the reasons stated below, the Court will **DISMISS** this case for lack of subject-matter jurisdiction and **DENY** Plaintiff's Application as moot.

Plaintiff states the nature of this case is "Attempted Manslaughter" and alleges "I was terrorized by LANL regarding whistleblower like activities and as a result of classified human research my life has been put in jeopardy." Complaint at 2-3. Plaintiff alleges the following in support of his second count of email fraud/racketeering: "I have a DARPA level 7 shell installed. This needs to be investigated. No email should be used regarding this case, if possible." Complaint at 3. Plaintiff alleges that the supporting facts for count 3, Embezzlement, are "Highly Classified." Complaint at 4. There are no other factual allegations in the Complaint.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). Plaintiff's Complaint

does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure.

The Court does not have jurisdiction over this matter. *See Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988). There are no allegations that this action arises under the Constitution, laws, or treaties of the United States. Consequently, there is no properly alleged federal question jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Nor is there any properly alleged diversity jurisdiction because Plaintiff and Defendant reside in New Mexico. *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy . . . is between . . . citizens of different States"); *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006) (to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties"); *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) ("Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant").

The Court will dismiss the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims."). Because the Court lacks jurisdiction over this case and

is dismissing this case, the Court will deny Plaintiff's Application to proceed *in forma pauperis* as moot.

Plaintiff requested that the Clerk seal this case "for my protection. this is confidential information that may involve issues of national security." Complaint at 7. The Clerk sealed the case. Courts have discretion to allow the sealing of documents if the public's right of access is outweighed by other interests. *See JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs,* 754 F.3d 824, 826 (10th Cir.2014) (per curiam). "To overcome [the] presumption against sealing, the party seeking to seal records must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Id.* (internal quotation marks omitted). While Plaintiff makes the conclusory allegations that this case should be sealed for his protection and because the confidential information may involve national security, he has not set forth any factual allegations to support his contention that the case should be sealed.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 30, 2018, is **DENIED as moot;**

(ii) this case is **DISMISSED without prejudice;** and

(iii) the Clerk **UNSEAL** this case.

_____
**UNITED STATES DISTRICT JUDGE**